Alex Asil Mashiri, Esq. (SBN 283798)
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Attorney for Plaintiff:
HEMIN MIRAN

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEMIN MIRAN, <br><br> Plaintiff, <br><br> v. <br><br> AD ASTRA RECOVERY SERVICES, INC. <br><br> Defendant. | Case No. **'16CV2058 JLS  JLB** <br><br> **COMPLAINT FOR DAMAGES** <br><br> **[DEMAND FOR JURY TRIAL]** |

Plaintiff HEMIN MIRAN alleges as follows:

## I.
## INTRODUCTION

1.  Plaintiff HEMIN MIRAN (hereinafter referred to as "Plaintiff"), brings this lawsuit against AD ASTRA RECOVERY SERVICES, INC. (hereinafter "Defendant") for violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), and the Rosenthal Fair Debt Collections Practice Act ("Rosenthal FDCPA").

2. Plaintiff seeks actual damages, statutory damages, attorneys' fees, and costs, and other relief the Court deems appropriate.

## II.
## PARTIES

3. Plaintiff is, and at all times mentioned herein was, an individual, residing in the County of San Diego, State of California.

4. Plaintiff is a "consumer" as defined by 15 U.S.C. section 1692a(3) and a "debtor" as the term is defined by California Civil Code section 1788.2(h).

5. Plaintiff is informed and believes, and thereupon alleges, that Defendant is, and at all times mentioned herein was, a corporation, who was conducting and engaging in business in the County of San Diego, California.

6. Plaintiff is informed and believes, and thereupon alleges, that Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. section 1692a(6).

7. Plaintiff is informed and believes, and thereupon alleges that Defendant is a debt collector as defined under Civil Code section 1788.2(c).

8. Defendant attempted to collect a consumer debt as defined under the FDCPA and Rosenthal FDCPA.

9. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the Defendant was the agent, servant, employee, or partner of each of the remaining defendants and, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

### III.
### JURISDICTION AND VENUE

10. This Court has jurisdiction under 15 U.S.C. section 1692k(d), 28 U.S.C. section 1331, and 28 U.S.C. section 1367 for supplemental state claims.

11. This action arises out of violations of the FDCPA and Rosenthal FDCPA. Personal jurisdiction is established, because Defendant does business within the State of California, County of San Diego,

12. Venue is proper pursuant to 28 U.S.C. section 1391.

### IV.
### RELEVANT FACTS

13. Sometime after August 18, 2015, Plaintiff received his first collection notice, dated August 18, 2015, (hereinafter referred to as "Validation Notice") from Defendant. The Validation Notice stated that the total debt was $31,500.00 and that the debt was owed to Payday Advance Loan with Speedy Cash. A copy of the Validation Notice is attached hereto as **Exhibit 1**, and is incorporated herein by reference.

14. Plaintiff never owed $31,500.00 to Payday Advance Loan with Speedy Cash.

## V.
## FIRST CAUSE OF ACTION
### (Violation of the FDCPA against Defendant)

15. Plaintiff re-alleges paragraphs 1 through 14, above, as if fully set forth herein.

16. Defendant violated 15 U.S.C. sections 1692e, 1692e(2)(A), 1692(10), 1692f, and 1692g(a)(1) because it attempted to collect $31,500.00 when in fact Plaintiff did not owe such amount. Collecting such an amount from Plaintiff caused him stress and anxiety because he did not know why Defendant was attempting to collect such a high amount from him.

17. As a result of each and every violation of the FDCPA, as discussed in Counts 1 through 5, Plaintiff has suffered actual damages and harm resulting from Defendant's actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, and humiliation, the exact amount of which is to be proven at trial.

18. As a result of each and every violation of the FDCPA, Plaintiff incurred additional actual damages including, but not limited to, transportation and gasoline costs to the law firm, telephone call charges, copies, postage, and other damages.

19. As a result of each and every violation of the FDCPA, as discussed in Counts 1 through 5, Plaintiff is entitled to actual damages pursuant to 1692k(a)(1);

MASHIRI LAW FIRM
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939

statutory damages in an amount up to $1,000.00 pursuant to 1692k(a)(2)(A); and reasonably attorneys' fees and costs pursuant to 15 U.S.C. section 1692k(a)(3).

## VI.
## SECOND CAUSE OF ACTION
**(Violation of the Rosenthal FDCPA against Defendant)**

20. Plaintiffs re-allege paragraphs 1 through 19, above, as if fully set forth herein.

21. Any violation of the FDCPA is a violation of California Civil Code section 1788.17, also known as the Rosenthal FDCPA, because section 1788.17 incorporates the FDCPA.

22. Defendants violated Civil Code section 1788.17 because it violated 15 U.S.C. sections 1692e, 1692e(2)(A), 1692e(10), 1692(f), 1692(f)(1) and 1692g(a).

23. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff has suffered actual damages and harm resulting from Defendants actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, and humiliation, the exact amount of which is to be proven at trial.

24. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff incurred additional actual damages including, but not limited to, transportation and gasoline costs to the law firm, telephone call charges, copies, postage, and other damages.

25. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code section

1788.30(a); statutory damages under 1692k(a)(2)(A) which is incorporated by California Civil Code section 1788.17; statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to California Civil Code section 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code section 1788.30(c).

## VIII.
## PRAYER FOR DAMAGES AND OTHER REMEDIES

1. For actual damages;

2. For statutory damages;

3. For interest according to law;

4. For attorneys' fees;

5. For costs of suit herein incurred; and

6. For other and further relief as the court may deem proper.

Respectfully Submitted,

DATED: August 16, 2016                **MASHIRI LAW FIRM**
                                      A Professional Corporation

                                      By: /s/ Alex Asil Mashiri
                                      Alex Asil Mashiri
                                      Attorney for Plaintiff,
                                      HEMIN MIRAN